Filing # 27266196 E-Filed 05/13/2015 05:49:49 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE COUNTY,
FLORIDA

BEVERLY NORBERG, RANDI RACHAL          CASE NO.: 2014-CA-009364-O
SARAH BAYL, SYDNEY NORBERG,
& BEVERLY NORBERG and VICTOR NORBERG,
 as parents of JANE DOE,

        Plaintiffs,

V.

NEW LIFE COMMUNITY CHURCH OF CMA, INC.
PRISCILLA HEFFIELD, RON HEFFIELD, DANIEL HEFFIELD,
THECHRISTIAN AND MISSIONARY ALLIANCE, INC., & THE
SOUTHEASTERN DISTRICT OF THE CHRISTIAN AND
MISSIONARY ALLIANCE D/B/A THE ALLIANCE SOUTHEAST,

        Defendants.
_____/

## SECOND AMENDED COMPLAINT

COME NOW, the Plaintiffs, BEVERLY NORBERG, SYDNEY NORBERG, RANDI

RACHAL, SARAH BAYL & BEVERLY NORBERG and VICTOR NORBERG as parents of

JANE DOE, by and through their undersigned attorney, and sue Defendants, NEW LIFE

COMMUNITY CHURCH OF CMA, INC., PRISCILLA HEFFIELD, RON HEFFIELD, DANIEL

HEFFIELD, THE CHRISTIAN AND MISSIONARY ALLIANCE, INC., & THE

SOUTHEASTERN DISTRICT OF THE CHRISTIAN AND MILITARY ALLIANCE D/B/A

THE ALLIANCE SOUTHEAST and allege as follows:

### JURISDICTION AND PARTIES

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000).

2.    At all times material hereto, Plaintiff, JANE DOE was and is a minor child, and Plaintiffs,

BEVERLY NORBERG and VICTOR NORBERG were and are her parents.

# Exhibit A

3.      At all times material hereto, Plaintiff BEVERLY NORBERG was a resident of Orange County Florida.

4.      At all times material hereto, Plaintiff VICTOR NORBERG was a resident of Orange County Florida.

5.      At all times material hereto, Plaintiff RANDI RACHAL was a resident of Orange County Florida.

6.      At the time of the allegations set forth in this Complaint, Plaintiff RANDI RACHAL was a minor.

7.      At all times material hereto, Plaintiff SARAH BAYL was a resident of Orange County Florida.

8.      At the time of the allegations set forth in this Complaint, Plaintiff SARAH BAYL was a minor.

9.      At all times material hereto, Plaintiff SYDNEY NORBERG was a resident of Orange County Florida.

10.     At the time of the allegations set forth in this Complaint, Plaintiff SYDNEY NORBERG was a minor.

11.     At all times material hereto, Defendant NEW LIFE COMMUNITY CHURCH OF CMA, INC. (hereinafter referred to as "NLCC") was a Florida Non Profit Corporation located at 8310 Forest City Rd., Orlando, FL  32810.  Prior to April 21, 2008, NLCC was known as Northside Alliance Church, Inc., and its principal address was 2405 Dianjo Drive, Orlando, FL  32810.

12.     Defendant NLCC is the owner of the Premises located at 8310 Forest City Rd., Orlando, FL  32810, 2405 Dianjo Drive, Orlando, FL  32810, and 2411 Falkner Road, Orlando, FL  32810 ("Premises") which were used as the church sanctuary, classrooms for children and adults, nursery,

offices, auxiliary church buildings, and parsonage. NLCC was in actual possession and control of the Premises and was responsible for maintaining the Premises.

13. At all times material hereto, Defendant RON HEFFIELD, was a resident of Orange County, Florida residing at the Premises at 2411 Falkner Road, Orlando, FL 32810.

14. At all times material hereto, Defendant PRISCILLA HEFFIELD, was a resident of Orange County, Florida residing at 2411 Falkner Road, Orlando, FL 32810.

15. At all times material hereto, Defendant RON HEFFIELD, was a servant, agent and/or employee of Defendant NLCC with supervisory and or managerial duties.

16. At all times material hereto, Defendant PRISCILLA HEFFIELD, was a servant, agent and/or employee of NLCC with supervisory and or managerial duties.

17. At all times material hereto, Defendant DANIEL HEFFIELD, was a resident of Orange County, Florida residing at 2411 Falkner Road, Orlando, FL 32810 and was a servant, agent, or employee of NLCC with duties related to operation of its audio-visual equipment and computers.

18. At all times material hereto, Defendant THE CHRISTIAN AND MISSIONARY ALLIANCE, INC. (hereinafter referred to as "CMA") was a Foreign Non Profit Corporation.

19. At all times material hereto, Defendant THE SOUTHEASTERN DISTRICT OF THE CHRISTIAN MISSIONARY ALLIANCE D/B/A THE ALLIANCE SOUTHEAST, (hereinafter referred as "Southeastern") was a Florida Non-Profit Corporation.

## GENERAL ALLEGATIONS

20. At all times material hereto Defendant DANIEL HEFFIELD was the son of PRISCILLA HEFFIELD and RON HEFFIELD. Being the son of PRISCILLA HEFFIELD and RON HEFFIELD, DANIEL HEFFIELD was an active member of the church and was in the presence of young children regularly. SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or

RON HEFFIELD represented to the church members, public, and to those with whom DANIEL HEFFIELD came in contact that DANIEL HEFFIELD is a person of good character and that the church members, public, and those with whom DANIEL HEFFIELD came in contact could rely upon the good character and trustworthiness of DANIEL HEFFIELD and that children and adults would be safe in the company of DANIEL HEFFIELD.

21.     At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

22.     At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had been notified of DANIEL HEFFIELD'S propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.     Specifically, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD were directly notified of prior instances where DANIEL HEFFIELD attempted to or did videotape women and children in the bathroom, where he sexually abused and/or molested young children, where he was caught viewing child pornography, where he was found to be in possession of a videotape of DANIEL HEFFIELD "stripping" to pictures of young children, and/or numerous other deviant and sexually explicit acts. Notwithstanding that knowledge, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD did nothing in response to these complaints and instead chose to actively conceal DANIEL HEFFIELD's conduct and his deviant activities from church members and the public, including the Plaintiffs.     In so doing SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD continued

to represent, fraudulently, to the church members, public, and to the Plaintiffs and their parents that DANIEL HEFFIELD was an individual fit to be around children and to have control of the audio-visual equipment of NLCC and full access to the Premises.

23. It was not until 2014 that Plaintiffs were made fully aware of the fact that SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD fraudulently and actively concealed the facts stated herein and to the extent that SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD went to conceal said facts.

24. In or around 1996, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had received complaints about DANIEL HEFFIELD placing his fingers under the overalls of Plaintiff RANDY RACHAL, then four years of age, and penetrating her vagina with his fingers. In response to said allegations, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD requested that their son DANIEL HEFFIELD call Plaintiff RANDY RACHAL and her father to apologize for said actions. After the incident, RANDY RACHAL never returned to the church premises. SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to report the incident to the authorities and fraudulently and actively concealed the facts of the incident from the members of the church and the public.

25. Between 2001 and 2005, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD received complaints regarding a disturbing video found by a church member on a church computer and/or a DVD located in the church. The video depicted DANIEL HEFFIELD "stripping" to pictures of young children. When this was brought to the attention of the SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, acts were taken to conceal the video from the church members, public, and Plaintiffs. The individual

who reported the video to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD was a secretary and/or member of the church at that time and was asked to leave the church after the incident.

26. In or around 2004 SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD received complaints from another church member regarding DANIEL HEFFIELD's "problem." NLCC, through RON HEFFIELD responded to the complaints stating that "right now a lot [sic] of slanderous gossip is swirling around some persons at [the church]." These complaints were fraudulently and actively concealed from the church members, the public, and the Plaintiffs as were the acts of DANIEL HEFFIELD that led to these complaints.

27. NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD were notified by another church renting space from NLCC, another church member, an NLCC church member and/or a member of the public on at least one occasion between 1995 and 2012, and prior to the allegations stated herein that are the subject of this litigation, that there had been a concealed camera in a bathroom that was designed to record the genitalia of women and young children while they were using the bathroom. This complaint was fraudulently and actively concealed from the church members, the public, and the Plaintiffs.

28. DANIEL HEFFIELD, beginning in or before 2008, received therapy for his pedophiliac tendencies. PRISCILLA HEFFIELD and RON HEFFIELD paid for DANIEL HEFFIELD's therapy. PRISCILLA HEFFIELD and RON HEFFIELD concealed that DANIEL HEFFIELD was treating for his pedophiliac tendencies by indicating to BEVERLY NORBERG and others that DANIEL HEFFIELD was going to therapy for his "ADD." The fact that DANIEL HEFFIELD was attending therapy for pedophilia was fraudulently and actively concealed from the church members, the public, and the Plaintiffs.

Page 6 of 74

29.    In addition to the specific allegations set forth herein, there were multiple other complaints that had been made to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD regarding deviant sexual acts committed by DANIEL HEFFIELD that were never disclosed to, and were fraudulently and actively concealed from the church members, the public and the Plaintiffs and their parents.

30.    To further the fraudulent concealment from the church members, public and the Plaintiffs as stated herein, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, both before and after the acts described herein, failed to and decided not to report DANIEL HEFFIELD's conduct to the proper legal authorities and instead chose to fraudulently conceal the acts committed by DANIEL HEFFIELD from the church members, public and Plaintiffs.

31.    Despite multiple complaints to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD about DANIEL HEFFIELD's multiple deviant acts, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD did nothing to prevent DANIEL HEFFIELD from coming into contact with the church members, the public, and especially the Plaintiffs. Instead SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, opted to fraudulently and actively conceal DANIEL HEFFIELD'S improprieties form the church members, public and Plaintiffs and their parents.

32.    Specifically, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD;

a.    allowed DANIEL HEFFIELD unlimited access to young children despite SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior actions specified herein;

b.      failed to warn the church members, public and especially the Plaintiffs of DANIEL HEFFIELD's deviant history, including his acts of sexual abuse, infatuation with child pornography, and propensity to videotape women and children in the bathroom;

c.      failed to closely supervise and monitor any church members, the Plaintiffs, or anyone else on the Church premises around DANIEL HEFFIED so as to prevent DANIEL HEFFIELD from committing his deviant acts;

d.      failed to closely supervise and monitor DANIEL HEFFIELD's actions in light of his history and known deviant tendencies;

e.      actively, deliberately, negligently and/or fraudulently concealed DANIEL HEFFIELD'S history and deviant sexual tendencies from members of the church, the public and the Plaintiffs.

33.     Defendants SOUTHEASTERN, CMA NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD held themselves out to members of the church and to the Plaintiffs as counselors and instructors on matters that were spiritual, moral and ethical. Accordingly, the Plaintiffs placed trust in SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD so that SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD gained superiority and influence over Plaintiffs and entered into a fiduciary relationship with Plaintiffs.

34.     This fiduciary relationship includes the duty to warn and to disclose the deviant prior acts and propensities of DANIEL HEFFIELD, the duty to protect children and adults from sexual abuse and exploitation by DANIEL HEFFIELD whom SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD hold out and promote as being fit to be in the presence of the church members and the Plaintiffs.

35.     SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's intentional concealment and/or reckless failure to prevent, disclose, warn or discover DANIEL HEFFIELD'S acts of sexual misconduct, contributed to Plaintiffs' repression of the events of abuse described herein and/or prevented Plaintiffs' from discovering or acting upon the wrongs done to them by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD.

36.     The sexual abuse, molestation and/or videotaping of Plaintiffs' genitalia and the circumstances under which it occurred caused Plaintiffs to develop confusion, various coping mechanisms and symptoms of psychological disorders, including great shame, guilt, self-blame, depression, repressed memory, disassociation, traumatic amnesia, loss of sleep, and nausea.

37.     It was not until 2013 that the Plaintiffs began to learn, did learn, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's conspiracy, fraudulent and active concealment, fraudulent conduct, failure to warn and/or failure to disclose the prior sexual deviant acts of DANIEL HEFFIELD resulted in the sexual abuse, molestation and/or videotaping of the Plaintiffs genitalia and Plaintiffs have only recently learned, could have learned, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.

38.     As Affiliates of SOUTHEASTERN, CMA, NLCC and RON HEFFIELD had a duty to comply with the organizational policies and procedures set forth by CMA by various "white paper"

policy manuals, including but not limited to, policies and procedures to follow when there has been an allegation of abuse or molestation in the church.

39. CMA had a duty to supervise, oversee and to monitor any and all of its affiliates to assure that CMA's affiliates complied with CMA's policies and procedures.

40. In or around 2004, and prior to that date, a member of NLCC wrote a detailed letter to CMA headquarters expressing concern and detailing specific complaints regarding DANIEL HEFFIELD and the allegations set forth herein. CMA failed to take appropriate measures to assure the NLCC followed CMA's policies and procedures to prevent DANIEL HEFFIELD from committing any further deviant sexual acts. Instead, CMA ignored, failed to act, negligently supervised, failed to warn and/or fraudulently and actively concealed the complaints made to CMA regarding the complaints about DANIEL HEFFIELD.

41. Jurisdiction and venue are proper with this court.

## FACTS AS TO PLAINTIFF'S BEVERLY NORBERG, SYDNEY NORBERG AND JANE DOE

42. Plaintiffs BEVERLY NORBERG, SYDNEY NORBERG and JANE DOE re-allege and incorporate paragraph's one (1) though forty-one (41) above as if fully set forth herein.

43. SYDNEY NORBERG and JANE DOE, went to the home of Defendants, PRISCILLA HEFFIELD and RON HEFFIELD that was owned by NLCC, on a weekly basis where SYDNEY NORBERG and JANE DOE were taking piano lessons from Defendant PRISCILLA HEFFIELD. During that time RON HEFFIELD and DANIEL HEFFIELD were frequently at the home during piano lessons.

44. JANE DOE and minor child SYDNEY NORBERG were brought to the piano lessons by their mother, BEVERLY NORBERG and/or father VICTOR NORBERG.

45.     At some time between 2007 and 2012, DANIEL HEFFIELD videotaped, via a concealed camera in the bathroom, BEVERLY NORBERG, SYDNEY NORBERG and JANE DOE using the bathroom during the time in which SYDNEY NORBERG and JANE DOE were taking piano lessons. The videos taken were graphic in nature and revealed the genitalia of BEVERLY NORBERG, SYDNEY NORBERG and JANE DOE. These pictures/videos were subsequently posted on the internet, where they still remain, by DANIEL HEFFIELD.

46.     During this time period, Defendant's SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or should have known that DANIEL HEFFIELD had a propensity to video tape women's' and children's' genitalia in the bathroom. Despite multiple complaints to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD about DANIEL HEFFIELD's multiple deviant acts, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to prevent DANIEL HEFFIELD from coming into contact with the church members, the public, and especially the Plaintiffs. Instead SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, opted to fraudulently and actively conceal DANIEL HEFFIELDS improprieties form the church members, public and Plaintiffs and their parents.

47.     It was not until 2013 that the Plaintiffs began to learn, did learn, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's conspiracy, fraudulent and active concealment, fraudulent conduct, failure to warn and/or failure to disclose the prior sexual deviant acts of DANIEL HEFFIELD resulted in the sexual abuse, molestation and/or videotaping of the Plaintiffs genitalia and Plaintiffs have only recently learned,

could have learned, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.

## FACTS AS TO JANE DOE ONLY

48.     Plaintiff, JANE DOE realleges paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

49.     At some time, when Plaintiff JANE DOE was between the ages of three and eight and was at the home of Defendants PRISCILLA HEFFIELD and RON HEFFIELD, which was owned by NLCC, DANIEL HEFFIELD sexually assaulted, sexually abused and/or molested Plaintiff, JANE DOE on at least one occasion.

50.     During this time period, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or should have known that their son DANIEL HEFFIELD had a propensity to sexually assault and/or molest young children. Despite multiple complaints to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD about DANIEL HEFFIELD's multiple deviant acts, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD did nothing to prevent DANIEL HEFFIELD from coming into contact with the church members, the public, and especially the Plaintiffs. Instead SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, opted to fraudulently and actively conceal DANIEL HEFFIELD'S improprieties from the church members, public and Plaintiffs and their parents.

51.     It was not until 2013 that the Plaintiffs began to learn, did learn, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.     Defendants

SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's conspiracy, fraudulent and active concealment, fraudulent conduct, failure to warn and/or failure to disclose the prior sexual deviant acts of DANIEL HEFFIELD resulted in the sexual abuse, molestation and/or videotaping of JANE DOE's genitalia and JANE DOE has only recently learned, could have learned, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.

### FACTS AS TO PLAINITFF SARAH BAYL

52. Plaintiff SARAH BAYL re-alleges paragraphs one (1) through forty-one (41) above as if fully set forth herein.

53. Throughout her youth, Plaintiff SARAH BAYL would frequent the church premises for bible study, piano lessons, and for a variety of other reasons as SARAH BAYL and her family were very active in the church.

54. During her time at the church premises, SARAH BAYL was frequently left in the care, custody and control of DANIEL HEFFIELD.

55. On multiple occasions between 1998 and 2005, SARAH BAYL was molested and/or sexually abused by DANIEL HEFFIELD while at the home of PRISCILLA and RON HEFFIELD and while on the NLCC premises. Specifically, SARAH BAYL suffered numerous urinary tract infections in addition to cuts on her genitalia as a result of DANIEL HEFFIELD's acts.

56. During this time period, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or should have known that DANIEL HEFFIELD had a propensity to sexually assault and/or molest young children. Despite multiple complaints to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD about

DANIEL HEFFIELD's multiple deviant acts, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD did nothing to prevent DANIEL HEFFIELD from coming into contact with the church members, the public, and especially the Plaintiffs.  Instead SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, opted to fraudulently and actively conceal DANIEL HEFFIELDS improprieties form the church members, public and Plaintiffs and their parents.

57.  It was not until 2013 that SARAH BAYL began to learn, did learn, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.  Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's conspiracy, fraudulent and active concealment, fraudulent conduct, failure to warn and/or failure to disclose the prior sexual deviant acts of DANIEL HEFFIELD resulted in the sexual abuse, molestation and/or videotaping of SARAH BAYL and SARAH BAYL has only recently learned, could have learned, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.

## FACTS AS TO PLAINITFF RANDI RACHAL

58.  Plaintiff RANDI RACHAL re-alleges paragraphs one (1) through fifty-seven (57) above as if fully set forth herein.

59.  In or around 1996, Plaintiff RANDI RACHAL would frequent the church premises because Defendants held daycare there, and for a variety of other reasons as RANDI RACHAL and her family were very active in the church.  RANDI RACHAL and her family believed the church to be a place of security and safety.

60.     During her time at the church premises, RANDI RACHAL was frequently left in the custody of DANIEL HEFFIELD.

61.     In or around 1996, RANDI RACHAL was molested and/or sexually abused by DANIEL HEFFIELD. Specifically, DANIEL HEFFIELD fondled, touched and or penetrated the genitalia of RANDI RACHAL.

62.     After the acts committed by DANIEL HEFFIELD as specified in paragraph 60 herein, NLCC, RON HEFFIELD and PRISCILLA HEFFIELD made DANIEL HEFFIELD call RANDI RACHAL's father and apologize to RANDI RACHAL and/or her father for the acts committed by DANIEL HEFFIELD.

63.     During this time period, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or should have known that their son DANIEL HEFFIELD had a propensity to sexually assault and/or molest young children. Despite multiple complaints to SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD about DANIEL HEFFIELD's multiple deviant acts, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD did nothing to prevent DANIEL HEFFIELD from coming into contact with the church members, the public, and especially the Plaintiffs. Instead SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, opted to fraudulently and actively conceal DANIEL HEFFIELDS improprieties form the church members, public and Plaintiffs and their parents.

64.     It was not until 2013 that RANDI RACHAL began to learn, did learn, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's knowledge of DANIEL HEFFIELD's prior deviant acts.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's

conspiracy, fraudulent and active concealment, fraudulent conduct, failure to warn and/or failure to disclose the prior sexual deviant acts of DANIEL HEFFIELD resulted in the sexual abuse, molestation and/or videotaping of RANDI RACHAL and RANDI RACHAL has only recently learned, could have learned, knew or had reason to know of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD'S knowledge of DANIEL HEFFIELD's prior deviant acts.

## BEVERLY NORBERG

## COUNT I – NEGLIGENT SUPERVISION AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD AND RON HEFFIELD AS TO BEVERLY NORBERG

65.    Plaintiff BEVERLY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

66.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

67.    At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect BEVERLY NORBERG, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting BEVERLY NORBERG to personal injuries and emotional distress.

68.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA,

NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect BEVERLY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

69.     At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

70.     Despite said knowledge, power and duty Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect BEVERLY NORBERG.

71.     As a direct and proximate cause of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect BEVERLY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act.     But for Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect BEVERLY NORBERG, and to adequately supervise, prohibit, control, regulate, discipline,

or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, BEVERLY NORBERG would not have suffered the personal injuries and emotional distress alleged herein.

72. As a direct and proximate result of the negligent supervision of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, BEVERLY NORBERG was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, BEVERLY NORBERG demands judgment against Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO BEVERLY NORBERG

73. Plaintiff BEVERLY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

74. Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

75. At all times material hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless SOUTHEASTERN,

Page **18** of **74**

CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect BEVERLY NORBERG, and to adequately supervise, prohibit, control, regulate, discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting BEVERLY NORBERG to personal injuries and emotional distress.

76.     At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that the incidents, conduct, acts and failures to act described herein above would and did proximately result in emotional distress to BEVERLY NORBERG including but not limited to loss of sleep, anxiety, hypertension, depression and/or humiliation.

77.     SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect BEVERLY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

78.     At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

79.     Despite said knowledge, power and duty SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect BEVERLY NORBERG.

80.     As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect BEVERLY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect BEVERLY NORBERG, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, BEVERLY NORBERG would not have suffered the personal injuries and emotional distress alleged herein.

81.     As a direct and proximate result of the negligent supervision of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, BEVERLY NORBERG has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress.     She has incurred and will continue to incur medical expenses for treatment, psychotherapists and other mental health professionals and other incidental expenses, have sustained and will continue to sustain lost wages and loss of income. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, BEVERLY NORBERG demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand

dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

### COUNT III – GENERAL NEGLIGENCE AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO BEVERLY NORBERG

82.     Plaintiff BEVERLY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

83.     SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD owed a duty to BEVERLY NORBERG and other invitees to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.  The exercise of such reasonable care includes, but is not limited to, informing parents of small children of these known risks and prohibiting children from being alone or in contact with DANIEL HEFFIELD, who had a propensity to conduct the deviant acts alleged herein.

84.     SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for sexual improprieties and to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, but failed to take action to prevent the allegations set forth herein from happening.

85.     SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD breached the duty owed to BEVERLY NORBERG because SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable and foreseeable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.

86.     Based on DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, it was reasonably foreseeable that he would commit the acts alleged herein again, and that he posed a general threat to all those on the premises. It was therefore unreasonable for NLCC to allow children to be alone with DANIEL HEFFIELD and not to have informed Plaintiffs and other parishioners and/or invitees of DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom.

87.     As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, DANIEL HEFFIELD committed the acts alleged herein. But for the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, in failing to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, BEVERLY NORBERG would not have been sexually abused, molested and /or videotaped.

88.     As a direct and proximate result of the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, BEVERLY NORBERG was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, BEVERLY NORBERG demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each for compensatory damages, costs, interest including pre judgment interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## SYDNEY NORBERG

## COUNT IV – NEGLIGENT SUPERVISION AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD AND RON HEFFIELD AS TO SYDNEY NORBERG

89.     Plaintiff SYDNEY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

90.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

91.     At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SYDNEY NORBERG, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting SYDNEY NORBERG to personal injuries and emotional distress.

92.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SYDNEY

NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

93.     At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD.

94.     Despite said knowledge, power and duty Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect SYDNEY NORBERG.  Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

95.     As a direct and proximate cause of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SYDNEY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act.   But for Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SYDNEY NORBERG, and to adequately supervise, prohibit, control, regulate, discipline,

or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, SYDNEY NORBERG would not have suffered the personal injuries and emotional distress alleged herein.

96.     As a direct and proximate result of the negligent supervision of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SYDNEY NORBERG was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, SYDNEY NORBERG demands judgment against Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO SYDNEY NORBERG

97.     Plaintiff SYDNEY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

98.     Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

99.     At all times material hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless SOUTHEASTERN,

CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SYDNEY NORBERG, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting SYDNEY NORBERG to personal injuries and emotional distress.

100.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that the incidents, conduct, acts and failures to act described herein above would and did proximately result in emotional distress to SYDNEY NORBERG including but not limited to loss of sleep, anxiety, hypertension, depression and/or humiliation.

101.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SYDNEY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

102.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.