103.    Despite said knowledge, power and duty SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect SYDNEY NORBERG.

104.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SYDNEY NORBERG and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SYDNEY NORBERG, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, SYDNEY NORBERG would not have suffered the personal injuries and emotional distress alleged herein.

105.    As a direct and proximate result of the negligent supervision of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SYDNEY NORBERG has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress.        She has incurred and will continue to incur medical expenses for treatment, psychotherapists and other mental health professionals and other incidental expenses, have sustained and will continue to sustain lost wages and loss of income.  These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, SYDNEY NORBERG demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand

dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT VI – GENERAL NEGLIGENCE AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO SYDNEY NORBERG

106.   Plaintiff SYDNEY NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

107.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD owed a duty to SYDNEY NORBERG and other invitees to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.  The exercise of such reasonable care includes, but is not limited to, informing parents of small children of these known risks and prohibiting children from being alone or in contact with DANIEL HEFFIELD, who had a propensity to conduct the deviant acts alleged herein.

108.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for sexual improprieties and to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, but failed to take action to prevent the allegations set forth herein from happening.

109.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD breached the duty owed to SYDNEY NORBERG because SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable and foreseeable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.

110.    Based on DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, it was reasonably foreseeable that he would commit the acts alleged herein again, and that he posed a general threat to all those on the premises. It was therefore unreasonable for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD to allow children to be alone with DANIEL HEFFIELD and not to have informed Plaintiffs and other parishioners and/or invitees of DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom.

111.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, DANIEL HEFFIELD committed the acts alleged herein. But for the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, in failing to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, SYDNEY NORBERG would not have been sexually abused, molested and /or videotaped.

112.    As a direct and proximate result of the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SYDNEY NORBERG was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders.

These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, SYDNEY NORBERG demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each for compensatory damages, costs, interest including pre judgment interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## JANE DOE

### COUNT VII– NEGLIGENT SUPERVISION AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD AND RON HEFFIELD AS TO JANE DOE

113.    Plaintiff JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG, re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

114.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

115.    At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect JANE DOE, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting JANE DOE to personal injuries and emotional distress.

116.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA,

NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect JANE DOE and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

117.    At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

118.    Despite said knowledge, power and duty Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect JANE DOE.

119.    As a direct and proximate cause of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect JANE DOE and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect JANE DOE, and to adequately supervise, prohibit, control, regulate, discipline, or

otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, JANE DOE would not have suffered the personal injuries and emotional distress alleged herein.

120.    As a direct and proximate result of the negligent supervision of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, JANE DOE was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, JANE DOE by and through her parents, BEVERLY NORBERG and VICTOR NORBERG, demands judgment against Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each, exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO JANE DOE

121.    Plaintiff JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

122.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

123.   At all times material hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect JANE DOE, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting JANE DOE to personal injuries and emotional distress.

124.   At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that the incidents, conduct, acts and failures to act described herein above would and did proximately result in emotional distress to JANE DOE including but not limited to loss of sleep, anxiety, hypertension, depression and/or humiliation.

125.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect JANE DOE and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

126.   At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC,

PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

127.    Despite said knowledge, power and duty SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect JANE DOE.

128.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect JANE DOE and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect JANE DOE, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, JANE DOE would not have suffered the personal injuries and emotional distress alleged herein.

129.    As a direct and proximate result of the negligent supervision of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, JANE DOE has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. She has incurred and will continue to incur medical expenses for treatment, psychotherapists and other mental health professionals and other incidental expenses, have sustained and will continue to sustain lost wages and loss of income. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG, demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT IX – GENERAL NEGLIGENCE AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO JANE DOE

130.   Plaintiff JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG re-alleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

131.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD owed a duty to JANE DOE and other invitees to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm. The exercise of such reasonable care includes, but is not limited to, informing parents of small children of these known risks and prohibiting children from being alone or in contact with DANIEL HEFFIELD, who had a propensity to conduct the deviant acts alleged herein.

132.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for sexual improprieties and to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, but failed to take action to prevent the allegations set forth herein from happening.

133.   SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD breached the duty owed to JANE DOE because SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to exercise reasonable care in ensuring a safe

environment for children and adults free from unreasonable and foreseeable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.

134.    Based on DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, it was reasonably foreseeable that he would commit the acts alleged herein again, and that he posed a general threat to all those on the premises. It was therefore unreasonable for NLCC to allow children to be alone with DANIEL HEFFIELD and not to have informed Plaintiffs and other parishioners and/or invitees of DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom.

135.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, DANIEL HEFFIELD committed the acts alleged herein. But for the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, in failing to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, JANE DOE would not have been sexually abused, molested and /or videotaped.

136.    As a direct and proximate result of the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, JANE DOE was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of

medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG, demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each, for compensatory damages, costs, interest including pre judgment interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## SARAH BAYL

## COUNT X – NEGLIGENT SUPERVISION AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD AND RON HEFFIELD AS TO SARAH BAYL

137.  Plaintiff SARAH BAYL re-alleges paragraphs one (1) through forty-one (41) and fifty-two (52) through fifty-six (56) above as if fully set forth herein.

138.  Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

139.  At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SARAH BAYL, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting SARAH BAYL to personal injuries and emotional distress.

140. Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SARAH BAYL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

141. At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

142. Despite said knowledge, power and duty Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect SARAH BAYL.

143. As a direct and proximate cause of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SARAH BAYL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for Defendants

SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SARAH BAYL, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, SARAH BAYL would not have suffered the personal injuries and emotional distress alleged herein.

144.    As a direct and proximate result of the negligent supervision of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SARAH BAYL was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE,    SARAH    BAYL    demands    judgment    against    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT XI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO SARAH BAYL

145.    Plaintiff SARAH BAYL realleges paragraphs one (1) through forty-one (41) and fifty-two (52) through fifty-six (56) above as if fully set forth herein.

146.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

147.    At all times material hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SARAH BAYL, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting SARAH BAYL to personal injuries and emotional distress.

148.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that the incidents, conduct, acts and failures to act described herein above would and did proximately result in emotional distress to SARAH BAYL including but not limited to loss of sleep, anxiety, hypertension, depression and/or humiliation.

149.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect SARAH BAYL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

150.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC,

PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

151.    Despite said knowledge, power and duty SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect SARAH BAYL.

152.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SARAH BAYL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect SARAH BAYL, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, SARAH BAYL would not have suffered the personal injuries and emotional distress alleged herein.

153.    As a direct and proximate result of the negligent supervision of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SARAH BAYL has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. She has incurred and will continue to incur medical expenses for treatment, psychotherapists and other mental health professionals and other incidental expenses, have sustained and will continue to sustain lost wages and loss of income. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, SARAH BAYL demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT XII – GENERAL NEGLIGENCE AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO SARAH BAYL

154.    Plaintiff SARAH BAYL realleges paragraphs one (1) through forty-one (41) and fifty-two (52) through fifty-six (56) above as if fully set forth herein.

155.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD owed a duty to SARAH BAYL and other invitees to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.  The exercise of such reasonable care includes, but is not limited to, informing parents of small children of these known risks and prohibiting children from being alone or in contact with DANIEL HEFFIELD, who had a propensity to conduct the deviant acts alleged herein.

156.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for sexual improprieties and to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, but failed to take action to prevent the allegations set forth herein from happening.

157.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD breached the duty owed to SARAH BAYL because SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to exercise reasonable care in ensuring a

safe environment for children and adults free from unreasonable and foreseeable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.

158.    Based on DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, it was reasonably foreseeable that he would commit the acts alleged herein again, and that he posed a general threat to all those on the premises. It was therefore unreasonable for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD to allow children to be alone with DANIEL HEFFIELD and not to have informed Plaintiffs and other parishioners and/or invitees of DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom.

159.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, DANIEL HEFFIELD committed the acts alleged herein. But for the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, in failing to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, SARAH BAYL would not have been sexually abused, molested and /or videotaped.

160.    As a direct and proximate result of the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, SARAH BAYL was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of

medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, SARAH BAYL demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each for compensatory damages, costs, interest including pre judgment interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## RANDI RACHAL

### COUNT XIII – NEGLIGENT SUPERVISION AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD AND RON HEFFIELD AS TO RANDI RACHAL

161.    Plaintiff RANDI RACHAL re-alleges paragraphs one (1) through forty-one (41) and fifty-eight (58) through sixty-four (64) above as if fully set forth herein.

162.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

163.    At all times material hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect RANDI RACHAL, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting RANDI RACHAL to personal injuries and emotional distress.

164.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA,

NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect RANDI RACHAL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

165.    At all material times hereto, Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

166.    Despite said knowledge, power and duty Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect RANDI RACHAL.

167.    As a direct and proximate cause of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect RANDI RACHAL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act.    But for Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect RANDI RACHAL, and to adequately supervise, prohibit, control, regulate, discipline, or

otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, RANDI RACHAL would not have suffered the personal injuries and emotional distress alleged herein.

168.    As a direct and proximate result of the negligent supervision of Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, RANDI RACHAL was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, RANDI RACHAL demands judgment against Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT XIV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO RANDI RACHAL

169.    Plaintiff RANDI RACHAL re-alleges paragraphs one (1) through forty-one (41) and fifty-eight (58) through sixty-four (64) above as if fully set forth herein.

170.    Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for inappropriate sexual misconduct including but not limited to videotaping women and children in the bathroom, sexual abuse and/or molesting young children.

171.    At all times material hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that unless SOUTHEASTERN,

Page **46** of **74**

CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect RANDI RACHAL, and to adequately supervise, prohibit, control, regulate discipline or otherwise penalize the conduct and acts of DANIEL HEFFIELD, said conduct, acts and failures to act would continue, thereby subjecting RANDI RACHAL to personal injuries and emotional distress.

172.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew or reasonably should have known that the incidents, conduct, acts and failures to act described herein above would and did proximately result in emotional distress to RANDI RACHAL including but not limited to loss of sleep, anxiety, hypertension, depression and/or humiliation.

173.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD knew, or reasonably should have known, that unless SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD intervened to protect RANDI RACHAL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct of DANIEL HEFFIELD, such failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

174.    At all material times hereto, SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline or penalize the conduct of DANIEL HEFFIELD. Numerous simple methods could have been utilized by Defendants SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD including, but not limited to, requiring two adults to be present whenever there are children in the immediate area.

175.    Despite said knowledge, power and duty SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize said conduct, acts and failures to act, or to otherwise protect RANDI RACHAL.

176.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect RANDI RACHAL and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, said conduct, acts and failures to act were perceived by DANIEL HEFFIELD, and had the effect of, ratifying, encouraging, condoning, exacerbating, increasing and/or worsening said conduct, acts and failures to act. But for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to protect RANDI RACHAL, and to adequately supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts or failures to act of DANIEL HEFFIELD, RANDI RACHAL would not have suffered the personal injuries and emotional distress alleged herein.

177.    As a direct and proximate result of the negligent supervision of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, RANDI RACHAL has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress.    She has incurred and will continue to incur medical expenses for treatment, psychotherapists and other mental health professionals and other incidental expenses, have sustained and will continue to sustain lost wages and loss of income. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, RANDI RACHAL demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars

($15,000.00) each exclusive of costs and interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT XV – GENERAL NEGLIGENCE AGAINST SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD AS TO RANDI RACHAL

178.    Plaintiff RANDI RACHAL re-alleges paragraphs one (1) through forty-one (41) and fifty-eight (58) through sixty-four (64) above as if fully set forth herein.

179.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD owed a duty to RANDI RACHAL and other invitees to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm. The exercise of such reasonable care includes, but is not limited to, informing parents of small children of these known risks and prohibiting children from being alone or in contact with DANIEL HEFFIELD, who had a propensity to conduct the deviant acts alleged herein.

180.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD had actual knowledge or reasonably should have known that DANIEL HEFFIELD had a propensity for sexual improprieties and to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, but failed to take action to prevent the allegations set forth herein from happening.

181.    SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD breached the duty owed to RANDI RACHAL because SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD failed to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable and foreseeable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm.

182.    Based on DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom, it was reasonably foreseeable that he would commit the acts alleged herein again, and that he posed a general threat to all those on the premises. It was therefore unreasonable for SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD to allow children to be alone with DANIEL HEFFIELD and not to have informed Plaintiffs and other parishioners and/or invitees of DANIEL HEFFIELD'S propensity to molest and/or sexually abuse young children and videotape young children and adults while in the bathroom.

183.    As a direct and proximate cause of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD's failure to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, DANIEL HEFFIELD committed the acts alleged herein. But for the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, in failing to exercise reasonable care in ensuring a safe environment for children and adults free from unreasonable risk of sexual abuse, molestation, being videotaped and overall risk of bodily harm, RANDI RACHAL would not have been sexually abused, molested and /or videotaped.

184.    As a direct and proximate result of the negligence of SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD, RANDI RACHAL was caused to suffer great humiliation, embarrassment, disgrace, shame, bodily injury and the resulting pain and suffering, emotional suffering and stress, disability, loss of capacity for the enjoyment of life, expenses of medical treatment, vomiting, loss of sleep, hypertension, and psychological disorders. These losses are permanent or continuing in nature and the Plaintiffs will suffer the losses in the future.

WHEREFORE, RANDI RACHAL demands judgment against SOUTHEASTERN, CMA, NLCC, PRISCILLA HEFFIELD and/or RON HEFFIELD in excess of fifteen thousand dollars ($15,000.00) each for compensatory damages, costs, interest including pre judgment interest, demands a trial by jury on all issues so triable, and any other relief that the Court deems proper.

## COUNT XVI -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS AGAINST DANIEL HEFFIELD AS TO BEVERLY NORBERG, SYDNEY NORBERG And JANE DOE (VIDEOTAPING/ SEXUAL EXPLOITATION)

185.    Plaintiffs BEVERLY NORBERG, SYDNEY NORBERG and JANE DOE, by and through her parents BEVERLY NORBERG and VICTOR NORBERG, re-allege Paragraphs one (1) through sixty-four (64) of this complaint which are incorporated into this Count as if fully set forth herein.

186.    At all times material hereto, DANIEL HEFFIELD, was employed by NLCC, with job duties that included operation of its audio-visual and computer equipment, webmaster, social media, supervision of children, and full access to all areas of the Premises as an employee and a lawful tenant of the Premises.

187.    At all times material hereto, DANIEL HEFFIELD's employment, agency and status with NLCC, gave him the access, opportunity, and means by which to engage in the wrongful acts alleged in this Count.

188.    At various times between 2007 and 2013, DANIEL HEFFIELD, used his employment, agency and status with NLCC to install hidden video-cameras on the Premises with which he video-taped BEVERLY NORBERG, SYDNEY NORBERG and JANE DOE in the rest-room of the Premises and later used the videotapes and computer equipment on the Premises for his own gratification and to upload them to the Internet where they permanently and irretrievably exist on pornography web-sites for ongoing prurient interest of others.